1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JACQUELINE JOSEPHINE MCGILL          No.  2:21-cv-00093-MCE-JDP
     and CHARLES MCGILL,
12
                   Plaintiffs,
13
                                          **MEMORANDUM AND ORDER**
         v.
14
     FCA US LLC and DOES 1 through 10,
15   inclusive,

16               Defendant.

17

18        On April 8, 2020, Plaintiffs Jacqueline Josephine McGill and Charles McGill

19   ("Plaintiffs") filed a Complaint in the Superior Court of California, County of Los Angeles,

20   against Defendant FCA US LLC ("Defendant"), alleging violations of California's Song-

21   Beverly Consumer Warranty Act, California Civil Code §§ 1790 et seq. ("Song-Beverly

22   Act"); breach of express and implied warranties; fraud by omission; and violations of

23   California's Consumer Legal Remedies Act, California Civil Code §§ 1750 et seq.[1]

24   Compl., ECF No. 1-6 ("Compl.").  Defendant subsequently removed the case to this

25   ///

26   ///

27        _____
              [1] The parties stipulated to transfer venue of the state court action to the Superior Court of
28   California, County of Sacramento, on May 29, 2020.  Not. Removal, ECF No. 1 ¶ 4.  The original complaint
     also named Elk Grove Dodge as a defendant, but it was dismissed on January 8, 2021. Id. ¶ 5.

                                              1

1   Court pursuant to 28 U.S.C. § 1332.  Presently before the Court is Plaintiff's Motion to

2   Remand.  ECF No. 5.  For the reasons set forth below, Plaintiff's Motion is DENIED.[2]

3

4                                    **BACKGROUND**

5

6           On March 28, 2019, Plaintiffs purchased a 2017 Chrysler Pacifica ("Vehicle")

7   which was manufactured and distributed by Defendant.  Compl. ¶ 9.  In connection with

8   the purchase, Plaintiffs received an express written warranty in which Defendant

9   undertook to preserve or maintain the utility or performance of the Vehicle or to provide

10  compensation if there is a failure in utility or performance for a specified period of time.

11  Id. ¶ 10.  The warranty provided, in relevant part, that in the event a defect developed

12  with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair

13  services to Defendant's representative and the Vehicle would be repaired.  Id.

14          During the warranty period, Plaintiffs allege that the Vehicle contained or

15  developed defects which substantially impaired the use, value, and/or safety of the

16  Vehicle.  Id. ¶ 11.  For example, Plaintiffs claims that the Vehicle was manufactured with

17  a defective 9HP transmission and Powertrain Control Module.  Id. ¶¶ 13–14.  According

18  to Plaintiffs, Defendant knew of these defects prior to Plaintiffs' purchase of the Vehicle

19  but instead Defendant concealed and failed to disclose them to its sale representatives

20  and Plaintiffs at the time of sale and thereafter.  Id. ¶¶ 16–18.  Neither Defendant nor its

21  representatives have been able to service or repair the Vehicle to conform to the

22  applicable express warranty after a reasonable number of repair attempts.  Id. ¶¶ 31, 38.

23  ///

24  ///

25  ///

26  ///

27  _____

28          [2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1
2

**STANDARD**

3  When a case "of which the district courts of the United States have original

4  jurisdiction" is initially brought in state court, the defendant may remove it to federal court

5  "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are

6  two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under

7  28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court

8  has federal question jurisdiction in "all civil actions arising under the Constitution, laws,

9  or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction

10  "where the matter in controversy exceeds the sum or value of $75,000, . . . and is

11  between citizens of different states, or citizens of a State and citizens or subjects of a

12  foreign state . . . ."  Id. § 1332(a)(1)–(2).

13  A defendant may remove any civil action from state court to federal district court if

14  the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The

15  party invoking the removal statute bears the burden of establishing federal jurisdiction."

16  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.

17  Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the

18  removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566

19  (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of

20  removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f

21  at any time before final judgment it appears that the district court lacks subject matter

22  jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

23  If the district court determines that removal was improper, then the court may also

24  award the plaintiff costs and attorney fees accrued in response to the defendant's

25  removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees

26  whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-

27  Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

28  ///

3

**ANALYSIS**

Defendant removed the instant case pursuant to the Court's diversity jurisdiction. See Not. Removal, ECF No. 1.  As the removing party, Defendant bears the burden of establishing federal jurisdiction.  Ethridge, 861 F.2d at 1393.  The pertinent inquiries for the Court therefore go to the amount in controversy and the diversity of the parties.

**A.   Amount in Controversy[3]**

Defendant raises two arguments in support of its contention that the amount in controversy exceeds $75,000, the first one being that the amount in controversy is apparent from the face of the Complaint.  See Def.'s Opp'n Mot. Remand, ECF No. 7, at 8–10.  Second, Defendant provides additional evidence and asserts that it can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. See id. at 10–14.  The Court will address each argument in turn.

**1.   Face of the Complaint**

In the Complaint, Plaintiffs allege that they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  Compl. ¶ 12.  No specific amount is stated in Plaintiffs' Prayer for Relief, which lists actual, consequential, punitive, and incidental damages; equitable and injunctive relief; attorneys' fees and costs; and prejudgment interest.  Id. at 16–17.  Furthermore, "Plaintiffs seek the remedies provided in California Civil Code [§] 1794(b)(1), including the entire contract price."  Id. ¶ 37. Finally, Plaintiffs claim they "are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to [California] Civil Code" § 1794(c) and (e).  Id. ¶¶ 31–32.

///

---

[3] Plaintiffs ask the Court to take judicial notice of five separate opinions issued by federal courts in the Northern and Central Districts of California.  ECF No. 5-3.  Defendant does not oppose Plaintiffs' request.  Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court may take judicial notice of matters of public record.  Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001).  Because these opinions are the proper subject of judicial notice, Plaintiffs' Request for Judicial Notice is GRANTED.

4

1    Defendant argues that "[t]hese allegations alone establish an amount in

2    controversy that exceeds $75,000, without even considering attorney fees or Plaintiffs'

3    prayer for punitive damages."  Def.'s Opp'n Mot. Remand, ECF No. 7, at 8 (treating the

4    $25,001.00 as actual damages).  Plaintiffs counter that "damages" do not refer to their

5    actual damages, but instead to their total damages.  Pls.' Mot. Remand, ECF No. 5-1, at

6    9 (specifying that "their total damages (including actual damages, civil penalties,

7    attorney's fees, and punitive damages) are at least $25,001.00." (emphases in original)).

8        "Numerous district courts in this Circuit have concluded that Plaintiffs' Complaint

9    language—i.e., that Plaintiffs suffered 'damages in an amount that is not less than

10   $25,001.00'—is too speculative to conclude that the amount in controversy is satisfied."

11   Limon-Gonzalez v. Kia Motors Am., Inc., Case No. 2:20-cv-04381-PA-JPRX, 2020 WL

12   3790838, at *2 (C.D. Cal. July 7, 2020); see, e.g., Schneider v. Ford Motor Co.,

13   441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("Indeed, the Court could just as easily infer

14   that the $25,001 refers to Plaintiff's total damages.") (emphasis in original); Edwards v.

15   Ford Motor Co., Case No. CV 16-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D.

16   Cal. Nov. 4, 2016) ("Rather, Plaintiff's allegations in his original Complaint do not make

17   clear whether he is seeking more than $25,000 in actual damages, or total damages . . .

18   Defendant's assertion that these damages refer only to actual damages is only an

19   assumption.") (emphasis in original).  Additionally, "while Plaintiffs' Prayer does

20   distinguish between actual damages, civil penalties, etc., if the damage estimate in the

21   body of the complaint 'is not repeated in the Prayer for Relief . . . the complaint fails to

22   allege a sufficiently specific total amount in controversy.'"  Bourland v. Ford Motor Co.,

23   No. 5:19-cv-08456-EJD, 2020 WL 5797915, at *3 (N.D. Cal. Sept. 29, 2020) (quoting

24   Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007)).

25       Defendant nevertheless argues that Plaintiffs' position is contradicted by their own

26   allegations in the Complaint, specifically that they seek to recover the entire contract

27   price of the Vehicle.  Def.'s Opp'n Mot. Remand, ECF No. 7, at 9–10.  However, the

28   Complaint does not provide the requisite contract price and therefore, "looking solely at

1   the [C]omplaint, the Court cannot determine that Plaintiff[s'] claim is contradicted by

2   [their] own pleadings." Luna v. FCA US LLC, Case No. 21-CV-01230-LHK, 2021 WL

3   4893567, at *6 (N.D. Cal. Oct. 20, 2021) (citing Guglielmino, 506 F.3d at 699); see

4   generally Compl.  Accordingly, because the amount in controversy is unclear from the

5   face of the Complaint, the Court will next decide whether Defendant has shown by a

6   preponderance of the evidence that the amount in controversy exceeds $75,000.

### 2.     Preponderance of the Evidence

8        A preponderance of the evidence standard applies "where it is unclear or

9   ambiguous from the face of a state-court complaint whether the requisite amount in

10  controversy is pled." Guglielmino, 506 F.3d at 699.  In other words, "[w]here the

11  complaint does not specify the amount of damages sought, the removing defendant

12  must prove by a preponderance of the evidence that the amount in controversy

13  requirement has been met." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683

14  (9th Cir. 2006).  Under this standard, "the removing party's burden is 'not daunting,' and

15  defendants are not obligated to 'research, state, and prove the plaintiff's claims for

16  damages.'" Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)

17  (quoting Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal.

18  2008)).  When a "[d]efendant's calculations [are] relatively conservative, made in good

19  faith, and based on evidence wherever possible," the court may find that the "[d]efendant

20  has established by a preponderance of the evidence that the amount in controversy" is

21  met. Id. (citations omitted).  The Court will first address the issue of actual damages,

22  then the civil penalty.

### a.     Actual Damages

25       Under the Song-Beverly Act, restitution is "equal to the actual price paid or

26  payable by the buyer, including any charges for transportation and manufacturer-

27  installed options, but excluding nonmanufacturer items installed by a dealer or the buyer,

28  and including any collateral charges such as sales or use tax, license fees, registration

6

1  fees, and other official fees, plus any incidental damages to which the buyer is entitled

2  under Section 1794 . . ."   Cal. Civil Code § 1793.2(d)(2)(B).  However, "the amount to be

3  paid by the manufacturer to the buyer may be reduced by the manufacturer by that

4  amount directly attributable to use by the buyer prior to the time the buyer first delivered

5  the vehicle to the manufacturer or distributor, or its authorized service and repair facility

6  for correction of the problem that gave rise to the nonconformity."  Id. § 1793.2(d)(2)(C).

7      In support of its Opposition brief, Defendant provides additional evidence in hopes

8  of demonstrating that the amount in controversy is satisfied.[4]  Significantly, Defendant

9  provides the Retail Installment Sale Contract ("RISC"), which lists the total purchase

10  price of the Vehicle as $55,794.16.  Ex. A, Shepardson Decl. ISO Def.'s Opp'n Mot.

11  Remand, ECF No. 7-1, at 6.  In its calculations, Defendant subtracts a finance charge of

12  $7,429.10 from the total purchase price, stating that such a charge "var[ies] depending

13  on how quickly the loan is repaid," and contends that "the amount paid and payable for

14  the subject vehicle will never drop below $48,365.06."  Def.'s Opp'n Mot. Remand, ECF

15  No. 7, at 10–11.  Plaintiffs respond that Defendant failed to exclude other amounts

16  pursuant to California Civil Code § 1783.2(d)(2)(B), such as vehicle theft registration,

17  optional service contracts, and debt cancellation agreements, and as a result, the

18  $48,365.06 figure is incorrect, misleading, and speculative.  Pls.' Reply Mot. Remand,

19  ECF No. 9, at 5.

20      In measuring actual damages, courts generally look to an undisputed RISC and

21  have found that, instead of the total sales price, the total cash price is more appropriate

22  in calculating actual damages sought under the Song-Beverly Act.  See Luna, 2021 WL

23

24  _____

[4] Given that it is Defendant's burden to show that the amount in controversy exceeds the statutory
25  amount, Defendant "may rely upon affidavits and declarations to make that showing; the law in the Ninth
Circuit expressly contemplates the district court's consideration of some evidentiary record."  Lewis v.
26  Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010); see also Valdez v. Allstate Ins. Co., 372 F.3d
1115, 1117 (9th Cir. 2004) (court may consider "summary-judgment-type evidence relevant to the amount
27  in controversy at the time of removal").  Although "[i]t is best to make this showing in the notice of removal
itself, . . . a party can supplement its showing in an opposition to a motion to remand."  Waller v. Hewlett-
28  Packard Co., No. 11cv0454-LAB (RBB), 2011 WL 8601207, at *2 (S.D. Cal. May 10, 2011) (citing Cohn v.
Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("the district court did not err in construing
[defendant's] opposition as an amendment to its notice of removal")).

1   4893567, at *7 ("Because the record does not show whether Plaintiff has made all the

2   installment payments, the Court cannot determine whether Plaintiff has paid all the

3   finance charges that are included in the total sales price of the Vehicle.") (citing

4   Messih v. Mercedes-Benz USA, LLC, Case No. 21-cv-03032-WHO, 2021 WL 2588977,

5   at *4 (N.D. Cal. June 24, 2021)).  Here, the RISC reflects that the total cash price for the

6   Vehicle is $35,988.00,[5] and the Court will utilize this number instead of the total sales

7   price.  Ex. A, Shepardson Decl. ISO Def.'s Opp'n Mot. Remand, ECF No. 7-1, at 6.

8           Pursuant to California Civil Code § 1793.2(d)(2)(C), the restitution amount is

9   subject to a mileage offset that will necessarily decrease Plaintiffs' actual damages.  The

10  mileage offset is "determined by multiplying the actual price of the new motor vehicle

11  paid or payable by the buyer, including any charges for transportation and manufacturer-

12  installed options, by a fraction having as its denominator 120,000 and having as its

13  numerator the number of miles traveled by the new motor vehicle prior to the time . . . its

14  authorized service and repair facility for correction of the problem that gave rise to the

15  nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(C).  Here, the RISC shows that the

16  Vehicle's odometer read 55 miles at the time of purchase.  Ex. A, Shepardson Decl. ISO

17  Def.'s Opp'n Mot. Remand, ECF No. 7-1, at 6.  In addition to the RISC, Defendant has

18  also provided the most recent vehicle repair order dated March 4, 2020, which shows the

19  odometer read 20,851 miles at the time of repair.  Ex. B, id. at 11.  Accordingly, the

20  relevant number of miles is 20,796 (20,851 minus 55).  Using the statutory formula

21  (20,796 / 120,000 x $35,988.00), the mileage offset is $6,236.72,[6] and after subtracting

22  the mileage offset from the total cash price ($35,988.00 minus $6,236.72), the estimated

23  amount of actual damages is $29,751.28.

24

25  [5] This price does not include the document processing charge ($85.00), vehicle theft registration
    ($289.00), sales tax ($2,818.06), electronic vehicle registration or transfer charge ($30.00), optional
26  service contracts ($3,999.00 and $3,750.00), optional debt cancellation agreement ($895.00), and official
    fees ($511.00).  See Ex. A, Shepardson Decl. ISO Def.'s Opp'n Mot. Remand, ECF No. 7-1, at 6.

27          [6] Because the Court uses the total cash price of Vehicle ($35,988.00), it reached a different
    mileage offset than Defendant, who used the total sales price ($55,794.16) minus the finance charge
28  ($7,429.10).

1    Although Plaintiffs claim that Defendant "provides no evidence that it[s] mileage

2    offset calculation [is] reasonably accurate," Pls.' Reply Mot. Remand, ECF No. 9, at 5,

3    "neither [their] Motion nor [their] Reply offer an alternative to the total cash price [they]

4    paid for the subject vehicle in estimating [their] actual damages, . . . [and] Plaintiff[s] do[]

5    not indicate what the appropriate mileage offset should be," Alvarado v. FCA US, LLC,

6    Case No. EDCV 17-505 JGB (DTBx), 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017).

7    Because Plaintiffs failed to rebut Defendant's evidence, the Court finds that Defendant

8    has established by a preponderance of the evidence that Plaintiffs' actual damages are,

9    after appropriate reductions, at least $29,751.28.

10

11                              **b.    Civil Penalties**

12    Additionally, Plaintiffs seek a civil penalty of two times their actual damages

13    pursuant to California Civil Code § 1794(c) and (e).  Compl. ¶¶ 31–32.  Defendant

14    provides that the maximum civil penalty is twice the actual damages sought by Plaintiffs,

15    which, based on the Court's calculation above, would be at least $59,502.56

16    ($29,751.28 x 2).  See Def.'s Opp'n Mot. Remand, ECF No. 7, at 12.  However, Plaintiffs

17    argue that Defendant "simply assumes that civil penalties will be awarded in their

18    maximum amount," and has not "submit[ted] any evidence at all of the amount of civil

19    penalties in controversy, much less evidence of civil penalties awarded in analogous

20    cases . . ."  Pls.' Reply Mot. Remand, ECF No. 9, at 8.

21    Here, in seeking a civil penalty of twice Plaintiffs' actual damages, the Complaint

22    alleges that "Defendant's failure to comply with its obligations under [California] Civil

23    Code section 1793.2, subdivision (d) was willful, in that Defendant and its

24    representatives were aware that they were unable to service or repair the Vehicle to

25    conform to the applicable express warranties after a reasonable number of repair

26    attempts, yet Defendant failed and refused to promptly replace the Vehicle or make

27    restitution."  Compl. ¶ 31; see Cal. Civ. Code § 1794(c) ("If the buyer establishes that the

28    failure to comply was willful, the judgment may include . . . a civil penalty which shall not

1   exceed two times the amount of actual damages.").  Therefore, the Court finds that the

2   civil penalty amount is properly included in the calculation of the amount in controversy.

3   See Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002)

4   ("[T]here is good reason to include the Song-Beverly Act's civil penalty of up to two times

5   the amount of actual damages in the amount in controversy.").  As a result, after adding

6   the amount of actual damages ($29,751.28) to the maximum available civil penalty

7   ($59,502.56), the amount in controversy is at least $89,253.84.  The Court thus finds

8   that Defendant has established by a preponderance of the evidence that the amount in

9   controversy is met.[7]

10  **B.    Complete Diversity**

11          Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff

12  being a citizen of a different state from each defendant.  28 U.S.C. § 1332(a)(1);

13  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (stating that complete diversity of

14  citizenship is required).  For purposes of diversity jurisdiction, a limited liability company

15  ("LLC") "is a citizen of every state of which its owners/members are citizens."  Johnson v.

16  Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  A "natural person's

17  state of citizenship is . . . determined by her state of domicile, not her state of residence.

18  A person's domicile is her permanent home, where she resides with the intention to

19  remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853,

20  857 (9th Cir. 2001) (internal citations omitted).

21          In its Notice of Removal, Defendant provides that it is a Delaware LLC with its

22  sole member, FCA North America Holdings LLC, another Delaware LLC, which, in turn,

23  has a sole member, FCA Holdco B.V. (Besloten Vennootschap), a company organized

24  under the laws of the Netherlands with its principal place of business in London,

25  England.  Not. Removal, ECF No. 1 ¶ 30.  Defendant also alleges that, "[o]n information

26  and belief, Plaintiffs are, and were at the time of filing of the Complaint, citizens and

27

28          [7] Given the Court's conclusion, it need not, and does not, address the extent to which attorney's fees may further increase the amount in controversy in this case.

1  residents of California." Id. ¶ 29.  There is no dispute as to Defendant's citizenship but

2  instead, Plaintiffs challenge that the Complaint does not make any reference to Plaintiffs'

3  citizenship or domicile, but instead simply states that "Plaintiffs are residents of

4  California."  Pls.' Mot. Remand, ECF No. 5-1, at 16 (citing Compl. ¶ 2).  Because

5  residency is not equal to domicile, Plaintiffs argue that Defendant has failed to

6  demonstrate that there is complete diversity between the parties. Id. at 15.

7       Although recognizing that "residency is not equivalent to citizenship," the Ninth

8  Circuit has held that where a defendant "allege[s] the parties' citizenships based on

9  information and belief in its notice of removal," and where the plaintiff raises a "facial,

10 rather than a factual or as-applied, challenge to the notice of removal, those allegations

11 [are] sufficient" and "[n]o evidence [is] required." Ehrman v. Cox Commc'ns, Inc.,

12 932 F.3d 1223, 1227–28 (9th Cir. 2019).  Here, "Plaintiffs affirmatively allege they are

13 California residents and make no effort to argue, let alone provide evidence, that they

14 are domiciled anywhere other than California.  Absent any factual challenge,

15 [Defendant's] allegations of citizenship are sufficient."[8] Lopez v. Ford Motor Co., Case

16 No. 8:20-cv-00186-JLS-JDE, 2020 WL 1922588, at *3 (C.D. Cal. Apr. 21, 2020) (internal

17 citations omitted).  The Court thus rejects Plaintiffs' argument that Defendant has failed

18 to show the parties are diverse.

19      In sum, because there is complete diversity between the parties and the amount

20 in controversy exceeds $75,000, this Court has jurisdiction over this case.  Accordingly,

21 Plaintiffs' Motion to Remand is DENIED in its entirety.[9]

22 ///

23 ///

---

24  [8] In support of their argument that Defendant has not affirmatively alleged Plaintiffs' citizenship,

25 Plaintiffs rely on Metropoulos v. BMW of N. Am., LLC, CV 17-982 PA (ASx), 2017 WL 564205 (C.D. Cal. Feb. 9, 2017), and Houston v. Bank of Am., N.A., No. CV 14-02786 MMM (AJWx), 2014 WL 2958216

26 (C.D. Cal. June 25, 2014), but both cases were issued before Ehrman.  Plaintiffs seemingly recognize this as they failed to revisit this issue in their Reply brief.  See generally Pls.' Reply Mot. Remand, ECF No. 9.

27      [9] Because the Court has diversity jurisdiction over this action, Defendant's alternative request for

28 leave to conduct jurisdictional discovery is DENIED as moot.  See Def.'s Opp'n Mot. Remand, ECF No. 7, at 16–17.

1

## CONCLUSION

2

3        For the foregoing reasons, Plaintiffs' Motion to Remand, ECF No. 5, is DENIED.

4        IT IS SO ORDERED.

5

6    Dated:  December 13, 2021

7                                                    _____

8                                                    MORRISON C. ENGLAND, JR.
                                                     SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28